Elena TURCAN and Gheorghe
Vartic, Petitioners,

v.

Jefferson B. SESSIONS III, Attorney
General, Respondent.

No. 13-70736

United States Court of Appeals,
Ninth Circuit.

Submitted November 15, 2017 *

Filed November 20, 2017

Albert C. Lum, Sr., Esquire, Attorney, Law Office of Albert C. Lum, Pasadena, CA, for Petitioners

OIL, Lisa Damiano, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: CANBY, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM **

Elena Turcan and Gheorghe Vartic, natives and citizens of Moldova, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

In finding Turcan not credible, the agency relied on the omissions from Turcan's written statement that the police knew of her Roma ethnicity at the time of her arrest in March 2004, and references by medical personnel to Turcan's Roma ethnicity after her bus accident. Substantial evidence supports the agency's adverse credibility determination. *See id.* at 1048; *see also Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) (omission constituting a material alteration of petitioner's story may support an adverse credibility determination). Turcan's explanations do not compel a contrary conclusion. *See Zamanov*, 649 F.3d at 974. In the absence of credible testimony, in this case, petitioners' asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Turcan's CAT claim fails because it is based on the same testimony the agency found not credible, and she does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of a public official in Moldova. *See id.* at 1156-57.

We reject Turcan's contention that the agency erred by accepting her witness as a quasi-expert.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.